SHMAGIN, acting under color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights, subjected **JOSEPH JOHN** to excessive force while effectuating his arrest, in violation of the laws of the State of New York

95. By reason of the foregoing, Plaintiff, **JOSEPH JOHN,** suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## AS AND FOR A FIFTH CAUSE OF ACTION
### Pursuant to State Law (ASSAULT AND BATTERY)

96. Paragraphs 1 through 95 are hereby re-alleged and incorporated by reference herein.

97. That Defendants, **POLICE OFFICER MARCIN PALUCHOWSKI and POLICE OFFICER GREGORY SHMAGIN,** intended to cause harmful bodily contact to **JOSEPH JOHN.**

98. That Defendants, **POLICE OFFICER MARCIN PALUCHOWSKI and POLICE OFFICER GREGORY SHMAGIN,** in a hostile manner, voluntarily caused Plaintiff's injuries.

99. That Defendant's contact with Plaintiff constituted a battery in violation of the laws of the State of New York.

100. That by reason of the foregoing, Plaintiff, **JOSEPH JOHN,** suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## AS AND FOR A SIXTH CAUSE OF ACTION
### Pursuant to Federal Law (DELIBERATE INDIFFERENCE TO A

SERIOUS MEDICAL NEED)

101. That, at all times herein mentioned, Plaintiff, **JOSEPH JOHN**, repeats, reiterates and re-alleges each and every allegation contained herein as though set forth at length herein.

102. That while Plaintiff, **JOSEPH JOHN**, was in the custody of Defendants, **POLICE OFFICER MARCIN PALUCHOWSKI, POLICE OFFICER GREGORY SHMAGIN, POLICE OFFICER JOHN/JANE DOE(S) #'S 1-10, CORRECTIONS OFFICER JOHN/JANE DOE(S) #'S 1-10 (RIKERS ISLAND) and CORRECTIONS OFFICER JOHN/JANE DOE(S) #'S 1-10 (NEW YORK COUNTY CRIMINAL COURT)**, the deprivation of medical attention for Plaintiff's Parkinson's Disease presented a condition of urgency for Plaintiff; one that could have produced degeneration and even death.

103. That the above-mentioned deprivation caused extreme pain and suffering to Plaintiff, **JOSEPH JOHN**, and that Defendants, **POLICE OFFICER MARCIN PALUCHOWSKI, POLICE OFFICER GREGORY SHMAGIN, POLICE OFFICER JOHN/JANE DOE(S) #'S 1-10, CORRECTIONS OFFICER JOHN/JANE DOE(S) #'S 1-10 (RIKERS ISLAND) and CORRECTIONS OFFICER JOHN/JANE DOE(S) #'S 1-10 (NEW YORK COUNTY CRIMINAL COURT)**, were all made aware of Plaintiff's serious medical needs, but consciously disregarded a substantial risk of serious harm to Plaintiff by refusing to give him required medication he had in a labeled prescription bottle even though physicians at New York Hospital Center had warned Defendants that Plaintiff required this medication.

104. That on October 21, 2011 and then again on September 18-21, 2012, Defendants, **POLICE OFFICER MARCIN PALUCHOWSKI, POLICE OFFICER GREGORY**

SHMAGIN, POLICE OFFICER JOHN/JANE DOE(S) #'S 1-10, CORRECTIONS OFFICER JOHN/JANE DOE(S) #'S 1-10 (RIKERS ISLAND) and CORRECTIONS OFFICER JOHN/JANE DOE(S) #'S 1-10 (NEW YORK COUNTY CRIMINAL COURT), Police Officer(s), Detectives, and/or other agents and/or employees of the New York City Police Department, and Defendants, CITY OF NEW YORK and PRISON HEALTH SERVICES (CORIZON), deprived Plaintiff, JOSEPH JOHN, of his liberty by withholding Plaintiff's medicine with indifference to his medically urgent needs in violation of the Laws of the State of New York, all while in the scope and furtherance of their employment.

105. That as a direct, proximate cause of Defendants', POLICE OFFICER MARCIN PALUCHOWSKI, POLICE OFFICER GREGORY SHMAGIN, POLICE OFFICER JOHN/JANE DOE(S) #'S 1-10, CORRECTIONS OFFICER JOHN/JANE DOE(S) #'S 1-10 (RIKERS ISLAND) and CORRECTIONS OFFICER JOHN/JANE DOE(S) #'S 1-10 (NEW YORK COUNTY CRIMINAL COURT), medical indifference to Plaintiff's, JOSEPH JOHN's, dire medical needs, Plaintiff has suffered great physical and emotional injuries, resulting in pain and suffering and emotional distress, as well as extreme mental anguish, outrage, severe anxiety, painful embarrassment, periods of depression, disruption of his life and loss of enjoyment of the ordinary pleasures of everyday life, and that as a result of the foregoing, the Plaintiff, JOSEPH JOHN, has sustained damages, which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff has been damaged in a sum not to exceed TEN MILLION ($10,000,000) DOLLARS.

### AS AND FOR A SEVENTH CAUSE OF ACTION
**Pursuant to State Law (DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL NEED)**

106. Paragraphs 1 through 105 are hereby re-alleged and incorporated by reference herein.

107. That while Plaintiff, **JOSEPH JOHN**, was in the custody of Defendants, **POLICE OFFICER MARCIN PALUCHOWSKI, POLICE OFFICER GREGORY SHMAGIN, POLICE OFFICER JOHN/JANE DOE(S) #'S 1-10, CORRECTIONS OFFICER JOHN/JANE DOE(S) #'S 1-10 (RIKERS ISLAND) and CORRECTIONS OFFICER JOHN/JANE DOE(S) #'S 1-10 (NEW YORK COUNTY CRIMINAL COURT)**, the deprivation of medical attention for Plaintiff's Parkinson's Disease presented a condition of urgency for Plaintiff; one that could have produced degeneration and even death.

108. That the above-mentioned deprivation caused extreme pain and suffering to Plaintiff, **JOSEPH JOHN**, and that Defendants, **POLICE OFFICER MARCIN PALUCHOWSKI, POLICE OFFICER GREGORY SHMAGIN, POLICE OFFICER JOHN/JANE DOE(S) #'S 1-10, CORRECTIONS OFFICER JOHN/JANE DOE(S) #'S 1-10 (RIKERS ISLAND) and CORRECTIONS OFFICER JOHN/JANE DOE(S) #'S 1-10 (NEW YORK COUNTY CRIMINAL COURT)**, were all made aware of Plaintiff's serious medical needs, but consciously disregarded a substantial risk of serious harm to Plaintiff by refusing to give him required medication he had in a labeled prescription bottle even though physicians at New York Hospital Center had warned Defendants that Plaintiff required this medication.

109. That on October 21, 2011 and then again on September 18-21, 2012, Defendants, **POLICE OFFICER MARCIN PALUCHOWSKI, POLICE OFFICER GREGORY SHMAGIN, POLICE OFFICER JOHN/JANE DOE(S) #'S 1-10, CORRECTIONS**

23

OFFICER JOHN/JANE DOE(S) #'S 1-10 (RIKERS ISLAND) and CORRECTIONS OFFICER JOHN/JANE DOE(S) #'S 1-10 (NEW YORK COUNTY CRIMINAL COURT), Police Officer(s), Detectives, and/or other agents and/or employees of the New York City Police Department, and Defendant, **CITY OF NEW YORK and PRISON HEALTH SERVICES (CORIZON)**, deprived Plaintiff, **JOSEPH JOHN**, of his liberty by withholding Plaintiff's medicine with indifference to his medically urgent needs in violation of the Laws of the State of New York, all while in the scope and furtherance of their employment.

110. That by reason of Defendants acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of **Plaintiff, JOSEPH JOHN's** rights, deprived **JOSEPH JOHN** of his liberty when they deprived him of medical attention in violation of the Laws of the State of New York.

111. That by reason of the foregoing, Plaintiff, **JOSEPH JOHN** suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## AS AND FOR AN EIGHT CAUSE OF ACTION
### Pursuant to § 1983 (MALICIOUS PROSECUTION)

112. That, at all times herein mentioned, Plaintiff repeats, reiterates and re-alleges each and every allegation contained herein as though set forth at length herein.

113. That as a result of the foregoing, **POLICE OFFICER MARCIN PALUCHOWSKI, POLICE OFFICER GREGORY SHMAGIN and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-10**, detective(s), agent(s) and/or employee(s) of the New York City Police Department, and Defendant, **CITY OF NEW YORK**, as well as prosecutors

employed by Defendant **CITY OF NEW YORK**, instituted and maintained charges against plaintiff, **JOSEPH JOHN**, when defendants knew that said charges were baseless, without merit or justification.

114. That the criminal proceeding against Plaintiff, **JOSEPH JOHN**, will terminate in favor of Plaintiff, **JOSEPH JOHN**, when the charges are dismissed on or about May 17, 2013.

115. That the Defendants herein, instituted and/or encouraged criminal prosecution of Plaintiff, **JOSEPH JOHN**, and that upon there being no basis for any of the criminal charges having been instituted in the first instance against Plaintiff, **JOSEPH JOHN**, Defendants' actions constitute malicious prosecution.

116. That by reason of the foregoing negligence on behalf of the New York City Police Department, and Defendant, **CITY OF NEW YORK**, Plaintiff, **JOSEPH JOHN**, has been caused to sustain serious permanent personal injuries of body and mind as well as special damages and loss and/or diminution in his enjoyment of life, and that as a result of the foregoing, the Plaintiff, **JOSEPH JOHN**, has sustained damages, which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff has been damaged in a sum not to exceed TEN MILLION ($10,000,000) DOLLARS.

## AS AND FOR A NINTH CAUSE OF ACTION
### Pursuant to State Law (MALICIOUS PROSECUTION)

117. That, at all times herein mentioned, Plaintiff repeats, reiterates and re-alleges each and every allegation contained herein as though set forth at length herein.

118. That as a result of the foregoing, **POLICE OFFICER MARCIN PALUCHOWSKI, POLICE OFFICER GREGORY SHMAGIN and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-10**, detective(s), agent(s) and/or employee(s) of the New York

City Police Department, and Defendant, **CITY OF NEW YORK**, as well as prosecutors employed by Defendant **CITY OF NEW YORK**, instituted and maintained charges against Plaintiff, **JOSEPH JOHN**, when defendants knew that said charges were baseless, without merit or justification.

119. That the criminal proceeding against Plaintiff, **JOSEPH JOHN**, will terminate in favor of Plaintiff, **JOSEPH JOHN**, when the charges are dismissed on or about May 17, 2013.

120. That the Defendants herein, instituted and/or encouraged criminal prosecution of Plaintiff, **JOSEPH JOHN**, and forced him to appear at approximately ten (10) court appearances and that upon there being no basis for any of the criminal charges having been instituted in the first instance against Plaintiff, **JOSEPH JOHN**, Defendants' actions constitute malicious prosecution.

121. That by reason of the foregoing negligence on behalf of the New York City Police Department, and Defendant, **CITY OF NEW YORK**, Plaintiff, **JOSEPH JOHN**, has been caused to sustain serious permanent personal injuries of body and mind as well as special damages and loss and/or diminution in his enjoyment of life, and that as a result of the foregoing, the Plaintiff, **JOSEPH JOHN**, has sustained damages, which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff has been damaged in a sum not to exceed TEN MILLION ($10,000,000) DOLLARS.

## AS AND FOR A TENTH CAUSE OF ACTION
### Pursuant to State Law (MEDICAL MALPRACTICE)

122. That, at all times herein mentioned, Plaintiff repeats, reiterates and re-alleges each and every allegation contained herein as though set forth at length herein.

26

123. That, upon information and belief, at all times mentioned herein, Defendants, **JOHN/JANE DOE(S) M.D. and/or KATHERINE HARBOUR, M.D. and/or "FNA" BUTRELLE, M.D. (ELMHURST HOSPITAL CENTER), "FNA" BUTRELLE, M.D. (ELMHURST HOSPITAL CENTER)**, stood in such a relationship with each other in their care and treatment of Plaintiff, **JOSEPH JOHN** as to make each liable for the acts and omissions of the other.

124. That, upon information and belief, at all times mentioned herein, Defendants, **MICHAEL LOCURCIO, M.D. (BELLEVUE HOSPITAL CENTER)** stood in such a relationship with each other in their care and treatment of Plaintiff, **JOSEPH JOHN** as to make each liable for the acts and omissions of the other.

125. That on or about September 21, 2012 and thereafter, Plaintiff, **JOSEPH JOHN** was presented for the professional care of Defendants, **JOHN/JANE DOE(S) M.D. AND/OR KATHERINE HARBOUR, M.D. AND/OR "FNA" BUTRELLE, M.D. (ELMHURST HOSPITAL)** for certain medical complaints, including his underlying Parkinson's disorder, from which he was suffering, and this Defendant rendered medical care, diagnosis, treatment and services to him on his behalf.

126. That on or about September 19, 2012 and thereafter, Defendants, **JOHN/JANE DOE(S) M.D. AND/OR KATHERINE HARBOUR, M.D. AND/OR "FNA" BUTRELLE, M.D. (ELMHURST HOSPITAL)** subjected Plaintiff, **JOSEPH JOHN** to, and performed unnecessary and extremely painful spinal tap procedure despite having known or should have known that Plaintiff was suffering from Parkinson's disease.

127. That on or about September 19, 2012 and thereafter, Defendants, **JOHN/JANE DOE(S) M.D. AND/OR KATHERINE HARBOUR, M.D. AND/OR "FNA" BUTRELLE, M.D. (ELMHURST HOSPITAL)** subjected Plaintiff, **JOSEPH JOHN** to, and performed other unnecessary and extremely painful procedures despite having known or should have known Plaintiff, JOSEPH JOHN was suffering from Parkinson's disease.

128. That on or about September 20, 2012 and thereafter, Defendants, **JOHN/JANE DOE(S) M.D. AND/OR KATHERINE HARBOUR, M.D. AND/OR "FNA" BUTRELLE, M.D. (ELMHURST HOSPITAL)** transferred Plaintiff, **JOSEPH JOHN** to BELLEVUE HOSPITAL where no mention of bed sores, skin lesions or skin breakdown or pressure ulcer were seen at the time of his intake.

129. That from September 25, 2010 Plaintiff, **JOSEPH JOHN** presented with stage II pressure ulcers a condition typically induced by negligence medical attention.

130. That Plaintiff, JOSEPH JOHN, throughout his treatment at BELLEVUE HOSPITAL was treated for a pulmonary embolism due to the negligent conduct of Defendants, **JOHN/JANE DOE(S) M.D. and/or KATHERINE HARBOUR, M.D. and/or "FNA" BUTRELLE, M.D. (ELMHURST HOSPITAL)**.

131. That on September 27, 2012, Plaintiff, **JOSEPH JOHN** was released to the care of his neurologist. Plaintiff, JOSEPH JOHN, regressed in his treatment and his illness progressed significantly due to the negligent medical treatment he received throughout his stay at, and at the hands of, Defendants. All of Plaintiff, **JOSEPH JOHN**'s injuries may be permanent due to the medical malpractice and negligence he sustained.

28

132. That by reason of the aforementioned medical care, diagnosis, treatment and services rendered to Plaintiff, **JOSEPH JOHN**, by Defendants herein, suffered severe damage psychologically for which he is currently being treated for by a psychiatrist/neurologist. Plaintiff, **JOSEPH JOHN**, had not been treated for this prior to the incidents herein.

133. That the aforementioned medical care, diagnosis, treatment and services rendered to Plaintiff, **JOSEPH JOHN**, by Defendants herein, were rendered carelessly, unskillfully, negligently, and not in accordance with accepted standards of medical care, diagnosis, treatment and services in the community.

134. That by reason of the foregoing, Plaintiff, **JOSEPH JOHN** has sustained great pain, agony, injury, suffering, disability, hospitalization, mental anguish, emotional distress and a diminution and loss of his ability to enjoy life.

135. That by reason of the above, Plaintiff, **JOSEPH JOHN**, has sustained damages, exclusive of interest, costs, and disbursements, both general and special, in a sum that exceeds the jurisdictional limits of Courts lower than the Supreme Court, which would otherwise have jurisdiction and in conformity and pursuant to CPLR §3017(c).

**WHEREFORE**, Plaintiff, **JOSEPH JOHN**, demands judgment against Defendants, **CITY OF NEW YORK, NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, PRISON HEALTH SERVICES (CORIZON), POLICE OFFICER MARCIN PALUCHOWSKI, POLICE OFFICER GREGORY SHMAGIN, POLICE OFFICER JOHN/JANE DOE(S) #'S 1-10, CORRECTIONS OFFICER JOHN/JANE DOE(S) #'S 1-10 (RIKERS ISLAND), CORRECTIONS OFFICER JOHN/JANE DOE(S) #'S 1-10 (NEW**

YORK COUNTY CRIMINAL COURT), KATHERINE HARBOUR, M.D. (ELMHURST HOSPITAL CENTER), "FNA" BUTRELLE, M.D. (ELMHURST HOSPITAL CENTER), JOHN/JANE DOE(S) M.D. (ELMHURST HOSPITAL CENTER), MICHAEL LOCURCIO, M.D. (BELLEVUE HOSPITAL CENTER), JOHN/JANE DOE(S), M.D. (BELLEVUE HOSPITAL), on each of the aforementioned causes of action, all of which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff demands judgment on each and every cause of action in a sum not to exceed TEN MILLION ($10,000,000) DOLLARS, together with costs and disbursements of this action.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, Plaintiff, **JOSEPH JOHN**, has suffered and will continue to suffer, physical pain, emotional pain, suffering, inconvenience, injury to her reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, **JOSEPH JOHN** respectfully requests that judgment be entered:

1. Awarding **JOSEPH JOHN** compensatory damages in a full and fair sum to be determined by a jury;
2. Awarding **JOSEPH JOHN** punitive damages in an amount to be determined by a jury;
3. Awarding **JOSEPH JOHN** interest from October 21, 2011; and
4. Awarding **JOSEPH JOHN** reasonable attorney's fees pursuant to 42 USC §1988; and

30

5.  Granting such other and further relief as to the Court seems proper.

Dated: New York, NY
       June 6, 2013

                              Yours, etc.

                              _____
                              JUSTIN M. ROPER, ESQ. (7328)
                              NASS & ROPER LAW, LLP

## ATTORNEY'S VERIFICATION

JUSTIN M. ROPER, ESQ., an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney and member of NASS & ROPER LAW, LLP, attorneys for Plaintiff, JOSEPH JOHN. I have read the annexed COMPLAINT and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not Plaintiff is that Plaintiff is not presently in the county wherein the attorneys for the Plaintiff maintain their offices.

DATED:   New York, New York
         June 6, 2013

                                          _____
                                          JUSTIN M. ROPER, ESQ. (JR7328)
                                          NASS & ROPER LAW, LLP

32

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH JOHN,

                              Plaintiff,

– against –

CITY OF NEW YORK, NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, PRISON HEALTH SERVICES (CORIZON), POLICE OFFICER MARCIN PALUCHOWSKI, POLICE OFFICER GREGORY SHMAGIN, POLICE OFFICER JOHN/JANE DOE(S) #'S 1-10, CORRECTIONS OFFICER JOHN/JANE DOE(S) #'S 1-10 (RIKERS ISLAND), CORRECTIONS OFFICER JOHN/JANE DOE(S) #'S 1-10 (NEW YORK COUNTY CRIMINAL COURT), KATHERINE HARBOUR, M.D. (ELMHURST HOSPITAL CENTER), "FNA" BUTRELLE, M.D. (ELMHURST HOSPITAL CENTER), JOHN/JANE DOE(S) M.D. (ELMHURST HOSPITAL CENTER), MICHAEL LOCURCIO, M.D. (BELLEVUE HOSPITAL CENTER), JOHN/JANE DOE(S), M.D. (BELLEVUE HOSPITAL),

                              Defendants.

## SUMMONS & VERIFIED COMPLAINT

NASS & ROPER LAW, LLP
*Attorneys for Plaintiff*
JOSEPH JOHN
14 Penn Plaza, Suite 2004
New York, New York 10122
(718) 775-3246
Fax: (718) 775-3246*

---

\* Not for service of papers.

33