UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

JOSEPH JOHN.

Plaintiff,

- against -

CITY OF NEW YORK, NEW YORK CITY HEALTH AND
HOSPITALS CORPORATION, NEW YORK CITY DEPARTMENT
OF CORRECTIONS, PRISON HEALTH SERVICES (CORIZON),
POLICE OFFICER MARCIN PALUCHOWSKI, POLICE OFFICER
GREGORY SHMAGIN, POLICE OFFICER JOHN/JANE DOE(S) #'S
1-10, CORRECTIONS OFFICER JOHN/JANE DOE(S) #'S 1-10
(RIKERS ISLAND), COURT OFFICER JOHN/JANE DOE(S) #'S 1-10
(NEW YORK COUNTY CRIMINAL COURT), KATHERINE
HARBOUR, M.D. (ELMHURST HOSPITAL CENTER), "FNA"
BUTRELLE, M.D. (ELMHURST HOSPITAL CENTER), JOHN/JANE
DOE(S) M.D. (ELMHURST HOSPITAL CENTER), MICHAEL
LOCURCIO, M.D. (BELLEVUE HOSPITAL CENTER), JOHN/JANE
DOE(S), M.D. (BELLEVUE HOSPITAL),

Defendants.

------------------------------------------------------------X

**AMENDED
COMPLAINT**

**PLAINTIFF
DEMANDS
TRIAL BY JURY ON
ALL ISSUES**

CV 13-3890 (AKH)

Plaintiff, **JOSEPH JOHN**, by his attorneys, **NASS & ROPER LAW, LLP**, complaining

of the defendants, respectfully alleges, upon information and belief, as follows:

## JURISDICTION

1.      Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which

provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983,

and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the

Constitution and laws of the United States. This Court has pendant jurisdiction over Plaintiff's

state law claims.

## PARTIES

1

2. That, at all times herein mentioned, Plaintiff, **JOSEPH JOHN**, was, and still is, a resident of the County of Richmond in the City and State of New York.

3. That, at all times relevant and material herein, the Defendant, **CITY OF NEW YORK**, was, and still is, a municipal corporation, duly organized and existing under and by virtue of the Laws of the State of New York.

4. That, upon information and belief and at all times herein mentioned, defendant, **CITY OF NEW YORK**, owned and operated police departments within the City of New York, known as the New York City Police Department, which includes the "1st Precinct," whose police headquarters are located at 16 Ericsson Place, New York, NY 10013, and the "67th Precinct," whose police headquarters are located at 2820 Snyder Avenue, New York, NY 11226.

5. That, upon information and belief and at all times herein mentioned, Defendant, **NEW YORK CITY HEALTH and HOSPITALS CORPORATION**, is a corporation existing pursuant to the laws of the State of New York, is an agency of Defendant, **CITY OF NEW YORK**, and conducting business in the Counties of Queens and New York in the State and City of New York.

6. That, upon information and belief and at all times herein mentioned, Defendant, **NEW YORK CITY DEPARTMENT OF CORRECTIONS**, is an agency of Defendant, **CITY OF NEW YORK**, and conducts business in the Counties of Queens and New York in the State and City of New York

7. That, upon information and belief and at all times herein mentioned, Defendant, **PRISON HEALTH SERVICES (CORIZON)**, is a corporation existing pursuant to the laws

2

of the State of New York, is an agency of Defendant, **CITY OF NEW YORK,** and conducting business in the State and City of New York.

8.    That, upon information and belief, at all times mentioned herein, Elmhurst Hospital Center was and still is a medical facility duly owned and operated by Defendant, **CITY OF NEW YORK** and/or **NEW YORK CITY HEALTH AND HOSPITALS CORPORATION.**

9.    That, upon information and belief, at all times mentioned herein, Bellevue Hospital Center was and still is a medical facility duly owned and operated by Defendant, **CITY OF NEW YORK** and/or **NEW YORK CITY HEALTH AND HOSPITALS CORPORATION.**

10.    That, upon information and belief and at all times herein mentioned, an individual known as **POLICE OFFICER MARCIN PALUCHOWSKI** was employed as a Police Officer by the New York City Police Department, with Shield Number "03094," and was assigned to and worked at the "67th Precinct," which had Police headquarters located at 2820 Snyder Avenue, New York, NY 11226.

11.    That, upon information and belief and at all times herein mentioned, an individual known as **POLICE OFFICER GREGORY SHMAGIN** was employed as a Police Officer by the New York City Police Department with Tax Number "937531" and was assigned to and worked at the "67th Precinct," which had Police headquarters located at 2820 Snyder Avenue, New York, NY 11226.

12.    That, upon information and belief, at all times herein mentioned, **POLICE OFFICER JOHN/JANE DOE(S) #'S 1-10,** fictitious names whose identity is currently

3

unknown, were employed as Police Officers, Detectives, or in some other capacity as an agents and/or employees of the New York City Police Department, an agency, department and/or subsidiary of Defendant, **CITY OF NEW YORK.**

13.     That, upon information and belief, at all times herein mentioned,

**CORRECTIONS OFFICER JOHN/JANE DOE(S) #'S 1-10 (RIKERS ISLAND)**, fictitious names whose identity is currently unknown, were employed as Police Officers, Detectives, or in some other capacity as an agents and/or employees of Defendant, **NEW YORK CITY DEPARTMENT OF CORRECTIONS**, an agency, department and/or subsidiary of Defendant, **CITY OF NEW YORK.**

14.     That, upon information and belief, at all times herein mentioned, **COURT OFFICER JOHN/JANE DOE(S) #'S 1-10 (NEW YORK COUNTY CRIMINAL COURT)**, fictitious names whose identity is currently unknown, were employed as court officers by the State of New York.

15.     That, upon information and belief, at all times mentioned herein, Defendant, **KATHERINE HARBOUR, M.D.**, was a doctor duly licensed to practice medicine in the State of New York who held herself out to be a physician offering professional medical services to the public in general, and who represented that she was competent to perform and render all the medical care, treatment, services and advice required by Plaintiff, **JOSEPH JOHN**, in particular. Defendant, **KATHERINE HARBOUR, M.D.** is an employee of Elmhurst Hospital Center.

16.     That, upon information and belief, at all times mentioned herein, Defendant, **"FNA" BUTRELLE, M.D.**, was a doctor duly licensed to practice medicine in the State of

4

New York who held herself out to be a physician offering professional medical services to the public in general, and who represented that she was competent to perform and render all the medical care, treatment, services and advice required by Plaintiff, **JOSEPH JOHN**, in particular. Defendant, **"FNA" BUTRELLE, M.D.** is an employee of Elmhurst Hospital Center.

17. That, upon information and belief, at all times mentioned herein, Defendant, **JOHN/JANE DOE(S), M.D.**, was/are is/a doctor duly licensed to practice medicine in the State of New York who held him/herself out to be a physician offering professional medical services to the public in general, and who represented that she was competent to perform and render all the medical care, treatment, services and advice required by Plaintiff, **JOSEPH JOHN**, in particular. Defendant, **JOHN/JANE DOE(S), M.D.** is an employee of Elmhurst Hospital Center.

18. That, upon information and belief, at all times mentioned herein, Defendant, **MICHAEL LOCURCIO, M.D.**, was a doctor duly licensed to practice medicine in the State of New York who held herself out to be a physician offering professional medical services to the public in general, and who represented that she was competent to perform and render all the medical care, treatment, services and advice required by Plaintiff, **JOSEPH JOHN**, in particular. Defendant, **MICHAEL LOCURCIO, M.D.** is an employee of Bellevue Hospital Center.

19. That, upon information and belief, at all times mentioned herein, Defendant, **JOHN/JANE DOE(S), M.D.**, was a doctor duly licensed to practice medicine in the State of New York who held herself out to be a physician offering professional medical services to the

5

public in general, and who represented that she was competent to perform and render all the medical care, treatment, services and advice required by Plaintiff, **JOSEPH JOHN**, in particular. Defendant, **JOHN/JANE DOE(S), M.D.** is an employee of Bellevue Hospital Center.

## STATEMENT OF FACTS

20.    That on or about October 21, 2011, at approximately 7:00 a.m., while Plaintiff, **JOSEPH JOHN**, was a pedestrian lawfully on his way from the Staten Island Ferry to his place of employment as an Associate Engineer for the New York City Transit Metropolitan Transportation Authority at Two Broadway in the City, County, and State of New York, he saw and heard three men running towards him and yelling.

21.    That, at the above-mentioned date and location, Plaintiff, **JOSEPH JOHN**, turned to run away from the three men as he thought he was being mugged, but the three men caught up to him, threw him to the ground and held him down.

22.    That, at the above-mentioned date and location, fearing that he may be killed by the three men, Plaintiff, **JOSEPH JOHN**, struggled free and began running away but was tackled again by the men and other civilians who had joined in the pursuit.

23.    That, at the above-mentioned date and location, Plaintiff, **JOSEPH JOHN**, struggled away again but was tackled immediately by the group of people and was beaten, verbally assaulted with racial slurs, and pinned to the floor grates on the Northwest corner of Bridge Street and State Street.

24.    That, at the above-mentioned date and location, Defendants, **POLICE OFFICER MARCIN PALUCHOWSKI and POLICE OFFICER GREGORY SHMAGIN**, cleared the

6

group of men away and picked Plaintiff, **JOSEPH JOHN**, up forcibly and threw him against their police vehicle as he pleaded with them that he suffered from Parkinson's Disease, that he was "just going to work," and that he didn't know why he was being arrested.

25.    That, at the above-mentioned date and location, Defendants, **POLICE OFFICER MARCIN PALUCHOWSKI and POLICE OFFICER GREGORY SHMAGIN**, violently twisted Plaintiff's, **JOSEPH JOHN**, left arm while handcuffing him, causing injury. Defendants then slammed Plaintiff's foot with the rear door of the police vehicle causing injury.

26.    That, at the above-mentioned date and location, Plaintiff, **JOSEPH JOHN**, told Defendants, **POLICE OFFICER MARCIN PALUCHOWSKI and POLICE OFFICER GREGORY SHMAGIN**, that he needed to take medication for his Parkinson's Disease and that Defendants had slammed his foot in the door, to which he was told that they'd be at the precinct soon.

27.    That, at the above-mentioned date and location, **POLICE OFFICER MARCIN PALUCHOWSKI and POLICE OFFICER GREGORY SHMAGIN** brought Plaintiff, **JOSEPH JOHN**, to the 1st Police Precinct at 16 Ericsson Place, New York, NY 10013, and he was fingerprinted and photographed by Defendant Police Officers.

28.    That, at the 1st Police Precinct at 16 Ericsson Place, New York, NY 10013, Plaintiff, **JOSEPH JOHN**, again told Defendants, **POLICE OFFICER MARCIN PALUCHOWSKI, POLICE OFFICER GREGORY SHMAGIN and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-10**, that he suffered from Parkinson's Disease and that the

7

required medication he needed to ingest was in a clearly marked prescription container in his bag.

29. That, at the above-mentioned date and location, Defendants, **POLICE OFFICER MARCIN PALUCHOWSKI, POLICE OFFICER GREGORY SHMAGIN and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-10**, laughed at Plaintiff, **JOSEPH JOHN**, when he told them about his disease; jokingly asked him "what is that?" and ignored his requests to take the medication.

30. That, at the above-mentioned date and location, Plaintiff, **JOSEPH JOHN**, would sit in a holding cell for approximately three (3) hours before Defendants, **POLICE OFFICER MARCIN PALUCHOWSKI, POLICE OFFICER GREGORY SHMAGIN and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-10**, finally brought Plaintiff to the New York Downtown Hospital Emergency Center where he would remain in leg shackles and handcuffs even though he never resisted Defendant Police Officers at any time during his detainment.

31. That, at the New York Downtown Hospital Emergency Center, Plaintiff, **JOSEPH JOHN**, was treated for approximately three (3) hours, specifically for cuts on his forehead, nose, left side of his face as well as other areas on his lower body.

32. That, at the above-mentioned date and location, Plaintiff, **JOSEPH JOHN**, overheard Defendants, **POLICE OFFICER MARCIN PALUCHOWSKI, POLICE OFFICER GREGORY SHMAGIN and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-10**, telling someone on the phone to add "resisting arrest charges" to his case or that they'd be in "big trouble."

8

33.    That, at the above-mentioned date and location, the physician treating Plaintiff, **JOSEPH JOHN**, told Defendants, **POLICE OFFICER MARCIN PALUCHOWSKI, POLICE OFFICER GREGORY SHMAGIN and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-10**, that he needed to be given the medication for his Parkinson's Disease at the precinct; to which Defendants told the physician that they were "not allowed to give it to him."

34.    That, at the above-mentioned date and location, Defendants, **POLICE OFFICER MARCIN PALUCHOWSKI, POLICE OFFICER GREGORY SHMAGIN and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-10**, then brought Plaintiff, **JOSEPH JOHN**, back to the 1st Precinct and placed him in a holding cell for approximately three (3) more hours while still in handcuffs and leg shackles and refusing to provide Plaintiff with his medication or a phone call even though the treating physician at New York Downtown Hospital Center had warned Defendants that he suffered from Parkinson's Disease and required medication.

35.    That, at the above-mentioned date and location, Defendants, **POLICE OFFICER MARCIN PALUCHOWSKI, POLICE OFFICER GREGORY SHMAGIN and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-10**, then transferred Plaintiff, **JOSEPH JOHN**, to New York Central Booking, fingerprinted and photographed him again and placed him in a cell for approximately eight (8) more hours.

36.    That, at New York Central Booking, Plaintiff, **JOSEPH JOHN**, asked Defendants, **POLICE OFFICER JOHN/JANE DOE(S) #'S 1-10**, more than five (5) times if he could take his Parkinson's disease medication and he was denied each time.

37.    That, at the above-mentioned date and location, Plaintiff, **JOSEPH JOHN**, was finally brought to be arraigned, too sick to stand, he was arraigned while seated; was finally

9

made aware of what the charges against him were; and he pleaded not guilty to the charges and was released on his own recognizance with a court date set for November 9th, 2011.

38.     That upon leaving the New York Criminal Court after arraignment, Plaintiff, **JOSEPH JOHN**, went with his sister and cousin to the 1st Precinct at 16 Ericsson Place, New York, NY 10013, to recover the medication he so desperately needed.

39.     That, at the above-mentioned date and location, Plaintiff, **JOSEPH JOHN**, and his family spoke to Police Officer Brier of the 1st Precinct, and, after being made aware of the severity of his condition, the Officer gave Plaintiff his medication and they left the precinct.

40.     That upon leaving the 1st Precinct with his medication, Plaintiff, **JOSEPH JOHN**, was still suffering enough where his family brought him to the Staten Island Emergency Room at approximately 4:00 a.m.

41.     That since his arrest, Plaintiff, **JOSEPH JOHN**, has seen his usual physician for Parkinson's Disease, a second physician for his Parkinson's Disease, he was referred to and has seen a psychiatrist for his mental state, and he was referred to and has seen an orthopedist for physical injuries sustained during his assault by civilians and injuries sustained as a result of the arrest by Defendants, **POLICE OFFICER MARCIN PALUCHOWSKI, POLICE OFFICER GREGORY SHMAGIN, and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-10**.

42.     That since his arrest on the above-mentioned time and place, Plaintiff, **JOSEPH JOHN**, had made approximately seven (7) court appearances at the New York Criminal Court and his physical health has declined to the point where he now requires the use of a wheel chair during most parts of the day.

10

43.     That on or around September 18, 2012, Plaintiff, **JOSEPH JOHN**, appeared before Judge Marc J. Whiten of Defendant, **CITY OF NEW YORK**, at the New York Criminal Court and a CPL § 730 Mental Fitness to Proceed Evaluation was ordered.

44.     That, at the above-mentioned time and place, despite Plaintiff, **JOSEPH JOHN**, never having had bail set in his case and was released on his own recognizance at arraignment on or around October 22, 2011, Judge Whiten of Defendant, **CITY OF NEW YORK**, inexplicably, and without any possible privilege of the law, ordered that the medical evaluation of Plaintiff be held at Rikers Island and that he be immediately remanded.

45.     That, at the above-mentioned time and place, Plaintiff, **JOSEPH JOHN**, was forcibly taken in handcuffs from the courtroom and placed in a holding cell where Defendants, **POLICE OFFICER JOHN/JANE DOE(S) #'S 1-10 and COURT OFFICER JOHN/JANE DOE(S) #'S 1-10**, once again would not allow Plaintiff to take the prescribed medication he had with him for Parkinson's Disease that was in a clearly marked prescription bottle.

46.     That, at the above-mentioned time and place, Plaintiff, **JOSEPH JOHN**, would sit in a holding cell for approximately six (6) hours before being transferred to Rikers Island where he would spend approximately eight (8) more hours in a prison cell still in handcuffs and leg shackles.

47.     That at Rikers Island, during a time period of approximately eight (8) hours, Plaintiff, **JOSEPH JOHN**, was repeatedly denied medication for his Parkinson's Disease by Defendants, **POLICE OFFICER JOHN/JANE DOE(S) #'S 1-10 and COURT OFFICER JOHN/JANE DOE(S) #'S 1-10**, and was left in the holding cell where other prisoners were

11

permitted to mock, assault, and steal his personal belongings (specifically a gold chain he wore around his neck and a gold wedding band and wheelchair).

48.     That, at the above-mentioned time and place, Plaintiff, **JOSEPH JOHN'S**, condition worsened due to a lapse in medicine so dramatically that when a physician at Rikers Island finally saw him, (more than 12 hours after the Judge had requested an evaluation), Plaintiff was catatonic, could not even communicate and was immediately rushed to Elmhurst Hospital Center Trauma Ward around 1:00 a.m.

49.     That, upon Plaintiff's stay at Elmhurst Hospital Center, he spoke with Defendants, **JOHN/JANE DOE(S) M.D. and/or KATHERINE HARBOUR, M.D. and/or "FNA" BUTRELLE, M.D.** and informed the medical staff that he suffered from Parkinson's disease.

50.     That, at the above-mentioned time and place, Defendants, **JOHN/JANE DOE(S) M.D. and/or KATHERINE HARBOUR, M.D. and/or "FNA" BUTRELLE, M.D.** were also put on notice by Plaintiff, **JOSEPH JOHN'S**, wife that he suffered from Parkinson's Disease and further informed of the medication needed to treat his illness. Further, Defendants were placed on notice by a fax that Plaintiff's counsel had sent to the hospital administrator.

51.     That despite that information, Defendants, **JOHN/JANE DOE(S) M.D. and/or KATHERINE HARBOUR, M.D. and/or "FNA" BUTRELLE, M.D.** being informed of Plaintiff's condition, negligently and unnecessarily ordered an extremely painful "Spinal Tap" procedure. At this point in time, Plaintiff had still not been given his required Parkinson's medication causing Plaintiff to further recede into a life-threatening neuroleptic malignancy.

52.     That from Elmhurst Hospital Center on or around September 20, 2012, Plaintiff **JOSEPH JOHN** negligently underwent several unnecessary medical procedures and was

12

transferred to the Bellevue Hospital Center Prison Ward where he would remain for approximately five (5) to six (6) more days before finally being released.

53.    That on or around November 20, 2012, Plaintiff, **JOSEPH JOHN**, would be forced to appear again at the New York Criminal Court where, even with Judge Marc Whiten's disapproval, the District Attorney's Office offered Plaintiff an adjournment in contemplation of dismissal that Plaintiff accepted.

54.    That prior hereto on January 13, 2012, and within the time prescribed by law, a sworn Notice of Claim stating, among other things, the time when and place where the injuries and damages were sustained, together with Plaintiffs' demands for adjustment thereof, was duly served on the claimant's behalf on the Comptroller for the City of New York and that thereafter said Comptroller for the City of New York refused or neglected for more than thirty (30) days, and up to the commencement of this action, to make any adjustment or payment thereof, and that thereafter, and within the time provided by law, this action was commenced.

55.    That Defendant, **CITY OF NEW YORK**, had the right to conduct a hearing, pursuant to General Municipal Law § 50-h, regarding the facts and circumstances of the incident complained of herein, provided it gave notice within thirty (30) days of service of the aforesaid Notice of Claim, and that on December 3, 2012, the law firm of *Schiavetti, Corgan, DiEdwards, Weinberg & Nicholson, LLP*, outside counsel for Defendant, **CITY OF NEW YORK**, conducted that hearing of Plaintiff, **JOSEPH JOHN**, for which Plaintiff appeared and testified.

56.    That Defendant, **CITY OF NEW YORK**, had the right to conduct a second hearing, pursuant to General Municipal Law § 50-h, regarding the facts and circumstances of

the incident complained of herein, provided it gave notice within thirty (30) days of service of the aforesaid second Notice of Claim, and that on March 28, 2013, the law firm of *Schiavetti, Corgan, DiEdwards, Weinberg & Nicholson, LLP*, outside counsel for Defendant, **CITY OF NEW YORK**, conducted that hearing of Plaintiff, **JOSEPH JOHN**, for which Plaintiff appeared and testified.

57.     That Defendant, **NEW YORK CITY HEALTH AND HOSPITALS CORPORATION (NYCHHC)**, had the right to conduct a hearing, pursuant to General Municipal Law § 50-h, regarding the facts and circumstances of the incident complained of herein, provided it gave notice within thirty (30) days of service of the aforesaid Notice of Claim, and that on March 28, 2013, the law firm of *Schiavetti, Corgan, DiEdwards, Weinberg & Nicholson, LLP*, outside counsel for Defendant, **NEW YORK CITY HEALTH AND HOSPITALS CORPORATION (NYCHHC)**, conducted that hearing of Plaintiff, **JOSEPH JOHN**, for which Plaintiff appeared and testified. Should this General Municipal Law § 50-h hearing which occurred on March 28th, 2013 cover only the second Notice of Claim filed, and not the Notice of Claim served upon Defendant, **NEW YORK CITY HEALTH AND HOSPITALS CORPORATION (NYCHHC)**, then Defendant NYCHHC impliedly waived said right to conduct a General Municipal Law § 50-h hearing.

58.     Further that a demand for an adjustment on all claims was made but Defendants failed, refused or neglected to adjust same.

## AS AND FOR A FIRST CAUSE OF ACTION
### Pursuant to § 1983 (FALSE ARREST)

59.     Paragraphs 1 through 58 of this complaint are hereby re-alleged and incorporated by reference herein.

14

60. That Defendants, **POLICE OFFICER MARCIN PALUCHOWSKI**, **POLICE OFFICER GREGORY SHMAGIN and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-10**, had neither valid evidence for the arrest of Plaintiff nor legal cause or excuse to seize and detain him for approximately twenty-eight (28) hours.

61. That in detaining Plaintiff for approximately 28 hours, and without a fair and reliable determination of probable cause, Defendant **CITY OF NEW YORK** abused its power and authority as a policymaker of the New York City Police Department under the color of State and/or local law;

62. Upon information and belief, it was the policy and/or custom of Defendant **CITY OF NEW YORK** to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

63. As a result of the above described policies and customs, the officers, staff, agents and employees of Defendant **CITY OF NEW YORK** believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

64. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of Defendant, **CITY OF NEW YORK**, to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

65. By reason of Defendants, **POLICE OFFICER MARCIN PALUCHOWSKI, POLICE OFFICER GREGORY SHMAGIN and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-10**, acts and omissions, Defendant **CITY OF NEW YORK**, acting under color

15

of state law and within the scope of its authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

66. By reason of the foregoing, Plaintiff suffered mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## AS AND FOR A SECOND CAUSE OF ACTION
### Pursuant to State Law (FALSE ARREST)

67. Paragraphs 1 through 66 are hereby re-alleged and incorporated by reference herein.

68. That the seizure, detention and imprisonment of Plaintiff was unlawful in that Defendants had no probable cause to detain, arrest and/or imprison him.

69. That Defendants, **POLICE OFFICER MARCIN PALUCHOWSKI, POLICE OFFICER GREGORY SHMAGIN and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-10,** intended to confine Plaintiff.

70. That Plaintiff was conscious of the confinement and did not consent to it.

71. That the confinement was not otherwise privileged.

72. By reason of Defendants acts and omissions, Defendants, **POLICE OFFICER MARCIN PALUCHOWSKI POLICE OFFICER GREGORY SHMAGIN and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-10,** acting in gross and wanton disregard of Plaintiff's rights, deprived him of his liberty when they subjected him to an unlawful, illegal and excessive detention, in violation of State law.

16

73.    That by reason of the foregoing, Plaintiff suffered mental injuries, economic injury, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## AS AND FOR A THIRD CAUSE OF ACTION
### Pursuant to § 1983 (EXCESSIVE FORCE)

74.    Paragraphs 1 through 73 are hereby re-alleged and incorporated by reference herein.

75.    That the incident that resulted from the intentional application of physical force by Defendants, **POLICE OFFICER MARCIN PALUCHOWSKI and POLICE OFFICER GREGORY SHMAGIN,** constituted a seizure. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

76.    That Defendants had no legal cause or reason to use excessive force in effectuating Plaintiff's arrest.

77.    That Defendants, **POLICE OFFICER MARCIN PALUCHOWSKI and POLICE OFFICER GREGORY SHMAGIN,** violated Plaintiff's Fourth and Fourteenth Amendment right to be free from unreasonable seizures when they used excessive force against him.

78.    That at the time of the arrest, Plaintiff, **JOSEPH JOHN,** did not pose a threat to the safety of the arresting officers.

79.    That Plaintiff was not actively resisting arrest or attempting to evade arrest.

80.    That Defendant, **CITY OF NEW YORK,** through its officers, agents, and employees, unlawfully subjected Plaintiff to excessive force while effectuating his arrest.

17

81.    That Defendants' actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

82.    That by reason of Defendants acts and omissions, acting under color of state law and within the scope of his authority, in gross and wanton disregard of Plaintiff's rights, subjected **JOSEPH JOHN** to excessive force while effectuating his arrest, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

83.    That upon information and belief, in 2011, Defendant, **CITY OF NEW YORK**, had a policy or routine practice of using excessive force when effectuating arrests.

84.    That upon information and belief, it was the policy and/or custom of Defendant, **CITY OF NEW YORK**, to inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

85.    That as a result of the above described policies and customs, the officers, staff, agents and employees of Defendant, **CITY OF NEW YORK**, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

86.    That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant **CITY OF NEW YORK** to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

18

87.     By reason of the foregoing, Plaintiff, **JOSEPH JOHN**, suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

### AS AND FOR A FOURTH CAUSE OF ACTION
### Pursuant to State Law (EXCESSIVE FORCE)

88.     Paragraphs 1 through 87 are hereby re-alleged and incorporated by reference herein.

89.     That the incident that resulted from the intentional application of physical force by Defendants, **POLICE OFFICER MARCIN PALUCHOWSKI and POLICE OFFICER GREGORY SHMAGIN,** constituted a seizure.

90.     That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

91.     That Defendants, **POLICE OFFICER MARCIN PALUCHOWSKI and POLICE OFFICER GREGORY SHMAGIN,** had no legal cause or reason to use excessive force in effectuating Plaintiff's arrest.

92.     That at the time of the arrest, Plaintiff did not pose a threat to the safety of the arresting officers.

93.     That Plaintiff, **JOSEPH JOHN,** was not actively resisting arrest or attempting to evade arrest.

94.     That Defendants' actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

95.     That by reason of Defendants acts and omissions, Defendants, **POLICE OFFICER MARCIN PALUCHOWSKI and POLICE OFFICER GREGORY**

19

**SHMAGIN**, acting under color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights, subjected **JOSEPH JOHN** to excessive force while effectuating his arrest, in violation of the laws of the State of New York

96. By reason of the foregoing, Plaintiff, **JOSEPH JOHN**, suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## AS AND FOR A FIFTH CAUSE OF ACTION
## Pursuant to State Law (ASSAULT AND BATTERY)

97. Paragraphs 1 through 96 are hereby re-alleged and incorporated by reference herein.

98. That Defendants, **POLICE OFFICER MARCIN PALUCHOWSKI and POLICE OFFICER GREGORY SHMAGIN**, intended to cause harmful bodily contact to **JOSEPH JOHN**.

99. That Defendants, **POLICE OFFICER MARCIN PALUCHOWSKI and POLICE OFFICER GREGORY SHMAGIN**, in a hostile manner, voluntarily caused Plaintiff's injuries.

100. That Defendant's contact with Plaintiff constituted a battery in violation of the laws of the State of New York.

101. That by reason of the foregoing, Plaintiff, **JOSEPH JOHN**, suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

20

## AS AND FOR A SIXTH CAUSE OF ACTION
### Pursuant to Federal Law (DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL NEED)

102. That, at all times herein mentioned, Plaintiff, **JOSEPH JOHN**, repeats, reiterates and re-alleges each and every allegation contained herein as though set forth at length herein.

103. That while Plaintiff, **JOSEPH JOHN**, was in the custody of Defendants, **CITY OF NEW YORK, CITY OF NEW YORK DEPARTMENT OF CORRECTIONS, POLICE OFFICER MARCIN PALUCHOWSKI, POLICE OFFICER GREGORY SHMAGIN, POLICE OFFICER JOHN/JANE DOE(S) #'S 1-10, CORRECTIONS OFFICER JOHN/JANE DOE(S) #'S 1-10 (RIKERS ISLAND) and COURT OFFICER JOHN/JANE DOE(S) #'S 1-10 (NEW YORK COUNTY CRIMINAL COURT)**, the deprivation of medical attention for Plaintiff's Parkinson's Disease presented a condition of urgency for Plaintiff; one that could have produced degeneration and even death.

104. That the above-mentioned deprivation caused extreme pain and suffering to Plaintiff, **JOSEPH JOHN**, and that Defendants, **CITY OF NEW YORK, CITY OF NEW YORK DEPARTMENT OF CORRECTIONS, POLICE OFFICER MARCIN PALUCHOWSKI, POLICE OFFICER GREGORY SHMAGIN, POLICE OFFICER JOHN/JANE DOE(S) #'S 1-10, CORRECTIONS OFFICER JOHN/JANE DOE(S) #'S 1-10 (RIKERS ISLAND) and COURT OFFICER JOHN/JANE DOE(S) #'S 1-10 (NEW YORK COUNTY CRIMINAL COURT)**, were all made aware of Plaintiff's serious medical needs, but consciously disregarded a substantial risk of serious harm to Plaintiff by refusing to give him required medication he had in a labeled prescription bottle even though physicians at New York Hospital Center had warned Defendants that Plaintiff required this medication.

21

105. That on October 21, 2011 and then again on September 18-21, 2012, Defendants, **CITY OF NEW YORK, CITY OF NEW YORK DEPARTMENT OF CORRECTIONS, POLICE OFFICER MARCIN PALUCHOWSKI, POLICE OFFICER GREGORY SHMAGIN, POLICE OFFICER JOHN/JANE DOE(S) #'S 1-10, CORRECTIONS OFFICER JOHN/JANE DOE(S) #'S 1-10 (RIKERS ISLAND) and COURT OFFICER JOHN/JANE DOE(S) #'S 1-10 (NEW YORK COUNTY CRIMINAL COURT)**, Police Officer(s), Detectives, and/or other agents and/or employees of the New York City Police Department, and Defendants, **CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF CORRECTIONS and PRISON HEALTH SERVICES (CORIZON)**, deprived Plaintiff, **JOSEPH JOHN**, of his liberty by withholding Plaintiff's medicine with indifference to his medically urgent needs in violation of the Laws of the State of New York, all while in the scope and furtherance of their employment.

106. That as a direct, proximate cause of Defendants', **CITY OF NEW YORK, CITY OF NEW YORK DEPARTMENT OF CORRECTIONS, POLICE OFFICER MARCIN PALUCHOWSKI, POLICE OFFICER GREGORY SHMAGIN, POLICE OFFICER JOHN/JANE DOE(S) #'S 1-10, CORRECTIONS OFFICER JOHN/JANE DOE(S) #'S 1-10 (RIKERS ISLAND) and COURT OFFICER JOHN/JANE DOE(S) #'S 1-10 (NEW YORK COUNTY CRIMINAL COURT)**, medical indifference to Plaintiff's, **JOSEPH JOHN's**, dire medical needs, Plaintiff has suffered great physical and emotional injuries, resulting in pain and suffering and emotional distress, as well as extreme mental anguish, outrage, severe anxiety, painful embarrassment, periods of depression, disruption of his life and loss of enjoyment of the ordinary pleasures of everyday life, and that as a result of the

22

foregoing, the Plaintiff, **JOSEPH JOHN**, has sustained damages, which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff has been damaged in a sum not to exceed TEN MILLION ($10,000,000) DOLLARS.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## Pursuant to State Law (DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL NEED)

107.     That, at all times herein mentioned, Plaintiff, **JOSEPH JOHN**, repeats, reiterates and re-alleges each and every allegation contained herein as though set forth at length herein.

108.     That while Plaintiff, **JOSEPH JOHN**, was in the custody of Defendants, **CITY OF NEW YORK, CITY OF NEW YORK DEPARTMENT OF CORRECTIONS, POLICE OFFICER MARCIN PALUCHOWSKI, POLICE OFFICER GREGORY SHMAGIN, POLICE OFFICER JOHN/JANE DOE(S) #'S 1-10, CORRECTIONS OFFICER JOHN/JANE DOE(S) #'S 1-10 (RIKERS ISLAND) and COURT OFFICER JOHN/JANE DOE(S) #'S 1-10 (NEW YORK COUNTY CRIMINAL COURT)**, the deprivation of medical attention for Plaintiff's Parkinson's Disease presented a condition of urgency for Plaintiff, one that could have produced degeneration and even death.

109.     That the above-mentioned deprivation caused extreme pain and suffering to Plaintiff, **JOSEPH JOHN**, and that Defendants, **CITY OF NEW YORK, CITY OF NEW YORK DEPARTMENT OF CORRECTIONS, POLICE OFFICER MARCIN PALUCHOWSKI, POLICE OFFICER GREGORY SHMAGIN, POLICE OFFICER JOHN/JANE DOE(S) #'S 1-10, CORRECTIONS OFFICER JOHN/JANE DOE(S) #'S 1-10 (RIKERS ISLAND) and COURT OFFICER JOHN/JANE DOE(S) #'S 1-10 (NEW YORK COUNTY CRIMINAL COURT)**, were all made aware of Plaintiff's serious medical

23

needs, but consciously disregarded a substantial risk of serious harm to Plaintiff by refusing to give him required medication he had in a labeled prescription bottle even though physicians at New York Hospital Center had warned Defendants that Plaintiff required this medication.

110. That on October 21, 2011 and then again on September 18-21, 2012, Defendants, **CITY OF NEW YORK, CITY OF NEW YORK DEPARTMENT OF CORRECTIONS, POLICE OFFICER MARCIN PALUCHOWSKI, POLICE OFFICER GREGORY SHMAGIN, POLICE OFFICER JOHN/JANE DOE(S) #'S 1-10, CORRECTIONS OFFICER JOHN/JANE DOE(S) #'S 1-10 (RIKERS ISLAND) and COURT OFFICER JOHN/JANE DOE(S) #'S 1-10 (NEW YORK COUNTY CRIMINAL COURT)**, Police Officer(s), Detectives, and/or other agents and/or employees of the New York City Police Department, and Defendant, **CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF CORRECTIONS and PRISON HEALTH SERVICES (CORIZON)**, deprived Plaintiff, **JOSEPH JOHN**, of his liberty by withholding Plaintiff's medicine with indifference to his medically urgent needs in violation of the Laws of the State of New York, all while in the scope and furtherance of their employment.

111. That by reason of Defendants acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of **Plaintiff, JOSEPH JOHN's** rights, deprived **JOSEPH JOHN** of his liberty when they deprived him of medical attention in violation of the Laws of the State of New York.

112. That by reason of the foregoing, Plaintiff, **JOSEPH JOHN** suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish,

24

economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### Pursuant to § 1983 (MALICIOUS PROSECUTION)

113.    That, at all times herein mentioned, Plaintiff repeats, reiterates and re-alleges each and every allegation contained herein as though set forth at length herein.

114.    That as a result of the foregoing, **POLICE OFFICER MARCIN PALUCHOWSKI, POLICE OFFICER GREGORY SHMAGIN and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-10**, detective(s), agent(s) and/or employee(s) of the New York City Police Department, and Defendant, **CITY OF NEW YORK**, as well as prosecutors employed by Defendant **CITY OF NEW YORK**, instituted and maintained charges against plaintiff, **JOSEPH JOHN**, when defendants knew that said charges were baseless, without merit or justification.

115.    That the criminal proceeding against Plaintiff, **JOSEPH JOHN**, will terminate in favor of Plaintiff, **JOSEPH JOHN**, when the charges are dismissed on or about May 17, 2013.

116.    That the Defendants herein, instituted and/or encouraged criminal prosecution of Plaintiff, **JOSEPH JOHN**, and that upon there being no basis for any of the criminal charges having been instituted in the first instance against Plaintiff, **JOSEPH JOHN**, Defendants' actions constitute malicious prosecution.

117.    That by reason of the foregoing negligence on behalf of the New York City Police Department, and Defendant, **CITY OF NEW YORK**, Plaintiff, **JOSEPH JOHN**, has been caused to sustain serious permanent personal injuries of body and mind as well as special damages and loss and/or diminution in his enjoyment of life, and that as a result of the

25

foregoing, the Plaintiff, **JOSEPH JOHN**, has sustained damages, which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff has been damaged in a sum not to exceed TEN MILLION ($10,000,000) DOLLARS.

## AS AND FOR A NINTH CAUSE OF ACTION
### Pursuant to State Law (MALICIOUS PROSECUTION)

118. That, at all times herein mentioned, Plaintiff repeats, reiterates and re-alleges each and every allegation contained herein as though set forth at length herein.

119. That as a result of the foregoing, **POLICE OFFICER MARCIN PALUCHOWSKI, POLICE OFFICER GREGORY SHMAGIN and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-10**, detective(s), agent(s) and/or employee(s) of the New York City Police Department, and Defendant, **CITY OF NEW YORK**, as well as prosecutors employed by Defendant **CITY OF NEW YORK**, instituted and maintained charges against Plaintiff, **JOSEPH JOHN**, when defendants knew that said charges were baseless, without merit or justification.

120. That the criminal proceeding against Plaintiff, **JOSEPH JOHN**, will terminate in favor of Plaintiff, **JOSEPH JOHN**, when the charges are dismissed on or about May 17, 2013.

121. That the Defendants herein, instituted and/or encouraged criminal prosecution of Plaintiff, **JOSEPH JOHN**, and forced him to appear at approximately ten (10) court appearances and that upon there being no basis for any of the criminal charges having been instituted in the first instance against Plaintiff, **JOSEPH JOHN**, Defendants' actions constitute malicious prosecution.

122. That by reason of the foregoing negligence on behalf of the New York City Police Department, and Defendant, **CITY OF NEW YORK**, Plaintiff, **JOSEPH JOHN**, has been

26

caused to sustain serious permanent personal injuries of body and mind as well as special damages and loss and/or diminution in his enjoyment of life, and that as a result of the foregoing, the Plaintiff, **JOSEPH JOHN**, has sustained damages, which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff has been damaged in a sum not to exceed TEN MILLION ($10,000,000) DOLLARS.

## AS AND FOR A TENTH CAUSE OF ACTION
### Pursuant to State Law (HOSPITAL NEGLIGENCE)

123. That, at all times herein mentioned, Plaintiff repeats, reiterates and re-alleges each and every allegation contained herein as though set forth at length herein.

124. That upon admission on September 19, 2012, Plaintiff was under a continuous course of treatment through September 27, 2012, under the care and treatment of Defendant, **NEW YORK CITY HEALTH AND HOSPITALS CORPORATION**, its agents, servants and/or employees.

125. As a result of the negligence of Defendant, **NEW YORK CITY HEALTH AND HOSPITALS CORPORATION,** and without any want of care on the part of the Plaintiff herein, the Plaintiff was caused to experience great pain and disability, in that the Plaintiff was not properly treated by Defendant and was caused to sustain serious and permanent personal injuries including but not limited to the development of bed sores, pain, mental anguish.

126. The foregoing was caused solely and wholly through and by reason of negligence of Defendant, **NEW YORK CITY HEALTH AND HOSPITALS CORPORATION,** and/or its agents, servants and/or employees.

127. As a result of the foregoing, the Plaintiff, sustained damages in the amount which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements

27

and/or Plaintiff has been damaged in a sum not to exceed TEN MILLION ($10,000,000)
DOLLARS.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### Pursuant to State Law (NEGLIGENT HIRING, RETENTION, TRAINING AND SUPERVISION)

128. That, at all times herein mentioned, Plaintiff repeats, reiterates and re-alleges each and every allegation contained herein as though set forth at length herein.

129. Prior to and at all times here mentioned, Defendant, **NEW YORK CITY HEALTH AND HOSPITALS CORPORATION,** was negligent in that they failed to exercise reasonable care in the retention, hiring and training of its employees, agents, and independent contractors, so that such employees, agents and independent contractors delivered care and services to plaintiff in a reasonably safe and beneficial manner.

130. Prior to and at all times here mentioned, Defendant, **NEW YORK CITY HEALTH AND HOSPITALS CORPORATION,** was negligent in that they failed to supervise employees, agents and independent contractors, so that such employees, agents and independent contractors delivered care and services to plaintiff in a reasonably safe and beneficial manner.

131. As a result of the foregoing, the Plaintiff, sustained damages in the amount which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff has been damaged in a sum not to exceed TEN MILLION ($10,000,000) DOLLARS.

## AS AND FOR A TWELFTH CAUSE OF ACTION
### Pursuant to State Law (GROSS NEGLIGENCE)

28

132. That, at all times herein mentioned, Plaintiff repeats, reiterates and re-alleges each and every allegation contained herein as though set forth at length herein.

133. Prior to and at all times hereinafter mentioned, Defendant, **NEW YORK CITY HEALTH AND HOSPITALS CORPORATION,** acted in so careless a manner as to show complete disregard for the rights and safety of others.

134. Prior to and at all times hereinafter mentioned, Defendant, **NEW YORK CITY HEALTH AND HOSPITALS CORPORATION,** acted or failed to act knowing that their conduct would probably result in injury or damage.

135. Prior to and at all times hereinafter mentioned, Defendant, **NEW YORK CITY HEALTH AND HOSPITALS CORPORATION,** acted in so reckless a manner or failed to act in circumstances where an act was clearly required, so as to indicate disregard of the consequences of their actions or inactions.

136. Prior to and at all times herein mentioned, Defendant's conduct, as outlined above, was in reckless disregard.

137. As a result of the foregoing, the Plaintiff, sustained damages in the amount which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff has been damaged in a sum not to exceed TEN MILLION ($10,000,000) DOLLARS.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
### Pursuant to State Law (MEDICAL MALPRACTICE)

138. That, at all times herein mentioned, Plaintiff repeats, reiterates and re-alleges each and every allegation contained herein as though set forth at length herein.

29

139. That, upon information and belief, at all times mentioned herein, Defendants, **JOHN/JANE DOE(S) M.D. and/or KATHERINE HARBOUR, M.D. and/or "FNA" BUTRELLE, M.D. (ELMHURST HOSPITAL CENTER), "FNA" BUTRELLE, M.D. (ELMHURST HOSPITAL CENTER)**, stood in such a relationship with each other in their care and treatment of Plaintiff, **JOSEPH JOHN** as to make each liable for the acts and omissions of the other.

140. That, upon information and belief, at all times mentioned herein, Defendants, **MICHAEL LOCURCIO, M.D. (BELLEVUE HOSPITAL CENTER)** stood in such a relationship with each other in their care and treatment of Plaintiff, **JOSEPH JOHN** as to make each liable for the acts and omissions of the other.

141. That on or about September 21, 2012 and thereafter, Plaintiff, **JOSEPH JOHN** was presented for the professional care of Defendants, **JOHN/JANE DOE(S) M.D. AND/OR KATHERINE HARBOUR, M.D. AND/OR "FNA" BUTRELLE, M.D. (ELMHURST HOSPITAL)** for certain medical complaints, including his underlying Parkinson's disorder, from which he was suffering, and this Defendant rendered medical care, diagnosis, treatment and services to him on his behalf.

142. That on or about September 19, 2012 and thereafter, Defendants, **JOHN/JANE DOE(S) M.D. AND/OR KATHERINE HARBOUR, M.D. AND/OR "FNA" BUTRELLE, M.D. (ELMHURST HOSPITAL)** subjected Plaintiff, **JOSEPH JOHN** to, and performed unnecessary and extremely painful spinal tap procedure despite having known or should have known that Plaintiff was suffering from Parkinson's disease.

30

143.     That on or about September 19, 2012 and thereafter, Defendants, **JOHN/JANE DOE(S) M.D. AND/OR KATHERINE HARBOUR, M.D. AND/OR "FNA" BUTRELLE, M.D. (ELMHURST HOSPITAL)** subjected Plaintiff, **JOSEPH JOHN** to, and performed other unnecessary and extremely painful procedures despite having known or should have known Plaintiff, **JOSEPH JOHN**, was suffering from Parkinson's disease.

144.     That on or about September 20, 2012 and thereafter, Defendants, **JOHN/JANE DOE(S) M.D. AND/OR KATHERINE HARBOUR, M.D. AND/OR "FNA" BUTRELLE, M.D. (ELMHURST HOSPITAL)** transferred Plaintiff, **JOSEPH JOHN** to Bellevue Hospital Center where no mention of bed sores, skin lesions or skin breakdown or pressure ulcer were seen at the time of his intake.

145.     That from September 25, 2010 Plaintiff, **JOSEPH JOHN** presented with stage II pressure ulcers a condition typically induced by negligence medical attention.

146.     That Plaintiff, **JOSEPH JOHN**, throughout his treatment at Bellevue Hospital Center was treated for a pulmonary embolism due to the negligent conduct of Defendants, **JOHN/JANE DOE(S) M.D. and/or KATHERINE HARBOUR, M.D. and/or "FNA" BUTRELLE, M.D. (ELMHURST HOSPITAL).**

147.     That on September 27, 2012, Plaintiff, **JOSEPH JOHN** was released to the care of his neurologist. Plaintiff regressed in his treatment and his illness progressed significantly due to the negligent medical treatment he received throughout his stay at, and at the hands of, Defendants.

31

148. That by reason of the aforementioned medical care, diagnosis, treatment and services rendered to Plaintiff, **JOSEPH JOHN**, by Defendants herein, suffered severe damage psychologically for which he is currently being treated for by a psychiatrist/neurologist. Plaintiff, **JOSEPH JOHN**, had not been treated for this prior to the incidents herein.

149. That the aforementioned medical care, diagnosis, treatment and services rendered to Plaintiff, **JOSEPH JOHN**, by Defendants herein, were rendered carelessly, unskillfully, negligently, and not in accordance with accepted standards of medical care, diagnosis, treatment and services in the community.

150. That by reason of the foregoing, Plaintiff, **JOSEPH JOHN** has sustained great pain, agony, injury, suffering, disability, hospitalization, mental anguish, emotional distress and a diminution and loss of his ability to enjoy life.

151. That by reason of the above, Plaintiff, **JOSEPH JOHN,** has sustained damages, exclusive of interest, costs, and disbursements, both general and special, in a sum that exceeds the jurisdictional limits of Courts lower than the Supreme Court, which would otherwise have jurisdiction and in conformity and pursuant to CPLR §3017(c).

**WHEREFORE**. Plaintiff, **JOSEPH JOHN**, demands judgment against Defendants, **CITY OF NEW YORK, NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, NEW YORK CITY DEPARTMENT OF CORRECTIONS, PRISON HEALTH SERVICES (CORIZON), POLICE OFFICER MARCIN PALUCHOWSKI, POLICE OFFICER GREGORY SHMAGIN, POLICE OFFICER JOHN/JANE DOE(S) #'S 1-10, CORRECTIONS OFFICER JOHN/JANE DOE(S) #'S 1-10 (RIKERS ISLAND), COURT**

32

OFFICER JOHN/JANE DOE(S) #'S 1-10 (NEW YORK COUNTY CRIMINAL COURT), KATHERINE HARBOUR, M.D. (ELMHURST HOSPITAL CENTER), "FNA" BUTRELLE, M.D. (ELMHURST HOSPITAL CENTER), JOHN/JANE DOE(S) M.D. (ELMHURST HOSPITAL CENTER), MICHAEL LOCURCIO, M.D. (BELLEVUE HOSPITAL CENTER), JOHN/JANE DOE(S), M.D. (BELLEVUE HOSPITAL), on each of the aforementioned causes of action, all of which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff demands judgment on each and every cause of action in a sum not to exceed TEN MILLION ($10,000,000) DOLLARS, together with costs and disbursements of this action.

## INJURY AND DAMAGES

As a result of the acts and conduct complained of herein, Plaintiff, **JOSEPH JOHN**, has suffered and will continue to suffer, physical pain, emotional pain, suffering, inconvenience, injury to her reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, **JOSEPH JOHN** respectfully requests that judgment be entered:

1. Awarding **JOSEPH JOHN** compensatory damages in a full and fair sum to be determined by a jury;

2. Awarding **JOSEPH JOHN** punitive damages in an amount to be determined by a jury;

3. Awarding **JOSEPH JOHN** interest from October 21, 2011; and

33

4.    Awarding **JOSEPH JOHN** reasonable attorney's fees pursuant to

42 USC §1988; and

5.    Granting such other and further relief as to the Court seems proper.

Dated: New York, NY
       June 13, 2013

Yours, etc.

JUSTIN M. ROPER, ESQ. (7328)
NASS & ROPER LAW, LLP

## ATTORNEY'S VERIFICATION

JUSTIN M. ROPER, ESQ., an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney and member of NASS & ROPER LAW, LLP, attorneys for Plaintiff, **JOSEPH JOHN**. I have read the annexed COMPLAINT and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not Plaintiff is that Plaintiff is not presently in the county wherein the attorneys for the Plaintiff maintain their offices.

DATED:     New York, New York
                June 13, 2013

JUSTIN M. ROPER, ESQ. (JR7328)
NASS & ROPER LAW, LLP
