UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JOSEPH JOHN,

                        Plaintiff,

- against -

CITY OF NEW YORK, NEW YORK CITY HEALTH AND
HOSPITALS CORPORATION, NEW YORK CITY DEPARTMENT
OF CORRECTIONS, PRISON HEALTH SERVICES (CORIZON),
POLICE OFFICER MARCIN PALUCHOWSKI, POLICE OFFICER
GREGORY SHMAGIN, POLICE OFFICER JOHN/JANE DOE(S) #'S
1-10, CORRECTIONS OFFICER JOHN/JANE DOE(S) #'S 1-10
(RIKERS ISLAND), COURT OFFICER JOHN/JANE DOE(S) #'S 1-10
(NEW YORK COUNTY CRIMINAL COURT), KATHERINE
HARBOUR, M.D. (ELMHURST HOSPITAL CENTER), "FNA"
BUTRELLE, M.D. (ELMHURST HOSPITAL CENTER), JOHN/JANE
DOE(S) M.D. (ELMHURST HOSPITAL CENTER), MICHAEL
LOCURCIO, M.D. (BELLEVUE HOSPITAL CENTER), JOHN/JANE
DOE(S), M.D. (BELLEVUE HOSPITAL),

                        Defendants.
---------------------------------------------------------------X

**SECOND AMENDED COMPLAINT**

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES**

CV 13-3890 (AKH)

Plaintiff, **JOSEPH JOHN**, by his attorneys, **NASS & ROPER LAW, LLP**, complaining of the defendants, respectfully alleges, upon information and belief, as follows:

## JURISDICTION

1. Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States. This Court has pendant jurisdiction over Plaintiff's state law claims.

## PARTIES

1

2. That, at all times herein mentioned, Plaintiff, **JOSEPH JOHN**, was, and still is, a resident of the County of Richmond in the City and State of New York.

3. That, at all times relevant and material herein, the Defendant, **CITY OF NEW YORK**, was, and still is, a municipal corporation, duly organized and existing under and by virtue of the Laws of the State of New York.

4. That, upon information and belief and at all times herein mentioned, defendant, **CITY OF NEW YORK**, owned and operated police departments within the City of New York, known as the New York City Police Department, which includes the "1st Precinct," whose police headquarters are located at 16 Ericsson Place, New York, NY 10013, and the "67th Precinct," whose police headquarters are located at 2820 Snyder Avenue, New York, NY 11226.

5. That, upon information and belief and at all times herein mentioned, Defendant, **NEW YORK CITY HEALTH and HOSPITALS CORPORATION**, is a corporation existing pursuant to the laws of the State of New York, is an agency of Defendant, **CITY OF NEW YORK**, and conducting business in the Counties of Queens and New York in the State and City of New York.

6. That, upon information and belief and at all times herein mentioned, Defendant, **NEW YORK CITY DEPARTMENT OF CORRECTIONS**, is an agency of Defendant, **CITY OF NEW YORK**, and conducts business in the Counties of Queens and New York in the State and City of New York

7. That, upon information and belief and at all times herein mentioned, Defendant, **PRISON HEALTH SERVICES (CORIZON)**, is a corporation existing pursuant to the laws

2

of the State of New York, is an agency of Defendant, **CITY OF NEW YORK**, and conducting business in the State and City of New York.

8. That, upon information and belief, at all times mentioned herein, Elmhurst Hospital Center was and still is a medical facility duly owned and operated by Defendant, **CITY OF NEW YORK** and/or **NEW YORK CITY HEALTH AND HOSPITALS CORPORATION**.

9. That, upon information and belief, at all times mentioned herein, Bellevue Hospital Center was and still is a medical facility duly owned and operated by Defendant, **CITY OF NEW YORK** and/or **NEW YORK CITY HEALTH AND HOSPITALS CORPORATION**.

10. That, upon information and belief and at all times herein mentioned, an individual known as **POLICE OFFICER MARCIN PALUCHOWSKI** was employed as a Police Officer by the New York City Police Department, with Shield Number "03094," and was assigned to and worked at the "67th Precinct," which had Police headquarters located at 2820 Snyder Avenue, New York, NY 11226.

11. That, upon information and belief and at all times herein mentioned, an individual known as **POLICE OFFICER GREGORY SHMAGIN** was employed as a Police Officer by the New York City Police Department with Tax Number "937531" and was assigned to and worked at the "67th Precinct," which had Police headquarters located at 2820 Snyder Avenue, New York, NY 11226.

12. That, upon information and belief, at all times herein mentioned, **POLICE OFFICER JOHN/JANE DOE(S) #'S 1-10**, fictitious names whose identity is currently

3

unknown, were employed as Police Officers, Detectives, or in some other capacity as an agents and/or employees of the New York City Police Department, an agency, department and/or subsidiary of Defendant, **CITY OF NEW YORK**.

13. That, upon information and belief, at all times herein mentioned, **CORRECTIONS OFFICER JOHN/JANE DOE(S) #'S 1-10 (RIKERS ISLAND)**, fictitious names whose identity is currently unknown, were employed as Police Officers, Detectives, or in some other capacity as an agents and/or employees of Defendant, **NEW YORK CITY DEPARTMENT OF CORRECTIONS**, an agency, department and/or subsidiary of Defendant, **CITY OF NEW YORK**.

14. That, upon information and belief, at all times herein mentioned, **COURT OFFICER JOHN/JANE DOE(S) #'S 1-10 (NEW YORK COUNTY CRIMINAL COURT)**, fictitious names whose identity is currently unknown, were employed as court officers by the State of New York.

15. That, upon information and belief, at all times mentioned herein, Defendant, **KATHERINE HARBOUR, M.D.**, was a doctor duly licensed to practice medicine in the State of New York who held herself out to be a physician offering professional medical services to the public in general, and who represented that she was competent to perform and render all the medical care, treatment, services and advice required by Plaintiff, **JOSEPH JOHN**, in particular. Defendant, **KATHERINE HARBOUR, M.D.** is an employee of Elmhurst Hospital Center.

16. That, upon information and belief, at all times mentioned herein, Defendant, **"FNA" BUTRELLE, M.D.**, was a doctor duly licensed to practice medicine in the State of

4

New York who held herself out to be a physician offering professional medical services to the public in general, and who represented that she was competent to perform and render all the medical care, treatment, services and advice required by Plaintiff, **JOSEPH JOHN**, in particular. Defendant, **"FNA" BUTRELLE, M.D.** is an employee of Elmhurst Hospital Center.

17. That, upon information and belief, at all times mentioned herein, Defendant, **JOHN/JANE DOE(S), M.D.**, was/are is/a doctor duly licensed to practice medicine in the State of New York who held him/herself out to be a physician offering professional medical services to the public in general, and who represented that she was competent to perform and render all the medical care, treatment, services and advice required by Plaintiff, **JOSEPH JOHN**, in particular. Defendant, **JOHN/JANE DOE(S), M.D.** is an employee of Elmhurst Hospital Center.

18. That, upon information and belief, at all times mentioned herein, Defendant, **MICHAEL LOCURCIO, M.D.**, was a doctor duly licensed to practice medicine in the State of New York who held herself out to be a physician offering professional medical services to the public in general, and who represented that she was competent to perform and render all the medical care, treatment, services and advice required by Plaintiff, **JOSEPH JOHN**, in particular. Defendant, **MICHAEL LOCURCIO, M.D.** is an employee of Bellevue Hospital Center.

19. That, upon information and belief, at all times mentioned herein, Defendant, **JOHN/JANE DOE(S), M.D.**, was a doctor duly licensed to practice medicine in the State of New York who held herself out to be a physician offering professional medical services to the

5

public in general, and who represented that she was competent to perform and render all the medical care, treatment, services and advice required by Plaintiff, **JOSEPH JOHN**, in particular. Defendant, **JOHN/JANE DOE(S), M.D.** is an employee of Bellevue Hospital Center.

## STATEMENT OF FACTS

20. That on or about October 21, 2011, at approximately 7:00 a.m., while Plaintiff, **JOSEPH JOHN**, was a pedestrian lawfully on his way from the Staten Island Ferry to his place of employment as an Associate Engineer for the New York City Transit Metropolitan Transportation Authority at Two Broadway in the City, County, and State of New York, he saw and heard three men running towards him and yelling.

21. That, at the above-mentioned date and location, Plaintiff, **JOSEPH JOHN**, turned to run away from the three men as he thought he was being mugged, but the three men caught up to him, threw him to the ground and held him down.

22. That, at the above-mentioned date and location, fearing that he may be killed by the three men, Plaintiff, **JOSEPH JOHN**, struggled free and began running away but was tackled again by the men and other civilians who had joined in the pursuit.

23. That, at the above-mentioned date and location, Plaintiff, **JOSEPH JOHN**, struggled away again but was tackled immediately by the group of people and was beaten, verbally assaulted with racial slurs, and pinned to the floor grates on the Northwest corner of Bridge Street and State Street.

24. That, at the above-mentioned date and location, Defendants, **POLICE OFFICER MARCIN PALUCHOWSKI and POLICE OFFICER GREGORY SHMAGIN**, cleared the

6

group of men away and picked Plaintiff, **JOSEPH JOHN**, up forcibly and threw him against their police vehicle as he pleaded with them that he suffered from Parkinson's Disease, that he was "just going to work," and that he didn't know why he was being arrested.

25. That, at the above-mentioned date and location, Defendants, **POLICE OFFICER MARCIN PALUCHOWSKI and POLICE OFFICER GREGORY SHMAGIN**, violently twisted Plaintiff's, **JOSEPH JOHN**, left arm while handcuffing him, causing injury. Defendants then slammed Plaintiff's foot with the rear door of the police vehicle causing injury.

26. That, at the above-mentioned date and location, Plaintiff, **JOSEPH JOHN**, told Defendants, **POLICE OFFICER MARCIN PALUCHOWSKI and POLICE OFFICER GREGORY SHMAGIN**, that he needed to take medication for his Parkinson's Disease and that Defendants had slammed his foot in the door, to which he was told that they'd be at the precinct soon.

27. That, at the above-mentioned date and location, **POLICE OFFICER MARCIN PALUCHOWSKI and POLICE OFFICER GREGORY SHMAGIN** brought Plaintiff, **JOSEPH JOHN**, to the 1st Police Precinct at 16 Ericsson Place, New York, NY 10013, and he was fingerprinted and photographed by Defendant Police Officers.

28. That, at the 1st Police Precinct at 16 Ericsson Place, New York, NY 10013, Plaintiff, **JOSEPH JOHN**, again told Defendants, **POLICE OFFICER MARCIN PALUCHOWSKI, POLICE OFFICER GREGORY SHMAGIN and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-10**, that he suffered from Parkinson's Disease and that the

7

required medication he needed to ingest was in a clearly marked prescription container in his bag.

29. That, at the above-mentioned date and location, Defendants, **POLICE OFFICER MARCIN PALUCHOWSKI, POLICE OFFICER GREGORY SHMAGIN and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-10**, laughed at Plaintiff, **JOSEPH JOHN**, when he told them about his disease; jokingly asked him "what is that?" and ignored his requests to take the medication.

30. That, at the above-mentioned date and location, Plaintiff, **JOSEPH JOHN**, would sit in a holding cell for approximately three (3) hours before Defendants, **POLICE OFFICER MARCIN PALUCHOWSKI, POLICE OFFICER GREGORY SHMAGIN and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-10**, finally brought Plaintiff to the New York Downtown Hospital Emergency Center where he would remain in leg shackles and handcuffs even though he never resisted Defendant Police Officers at any time during his detainment.

31. That, at the New York Downtown Hospital Emergency Center, Plaintiff, **JOSEPH JOHN**, was treated for approximately three (3) hours, specifically for cuts on his forehead, nose, left side of his face as well as other areas on his lower body.

32. That, at the above-mentioned date and location, Plaintiff, **JOSEPH JOHN**, overheard Defendants, **POLICE OFFICER MARCIN PALUCHOWSKI, POLICE OFFICER GREGORY SHMAGIN and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-10**, telling someone on the phone to add "resisting arrest charges" to his case or that they'd be in "big trouble."

8

33. That, at the above-mentioned date and location, the physician treating Plaintiff, **JOSEPH JOHN**, told Defendants, **POLICE OFFICER MARCIN PALUCHOWSKI, POLICE OFFICER GREGORY SHMAGIN and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-10,** that he needed to be given the medication for his Parkinson's Disease at the precinct; to which Defendants told the physician that they were "not allowed to give it to him."

34. That, at the above-mentioned date and location, Defendants, **POLICE OFFICER MARCIN PALUCHOWSKI, POLICE OFFICER GREGORY SHMAGIN and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-10,** then brought Plaintiff, **JOSEPH JOHN,** back to the 1st Precinct and placed him in a holding cell for approximately three (3) more hours while still in handcuffs and leg shackles and refusing to provide Plaintiff with his medication or a phone call even though the treating physician at New York Downtown Hospital Center had warned Defendants that he suffered from Parkinson's Disease and required medication.

35. That, at the above-mentioned date and location, Defendants, **POLICE OFFICER MARCIN PALUCHOWSKI, POLICE OFFICER GREGORY SHMAGIN and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-10,** then transferred Plaintiff, **JOSEPH JOHN,** to New York Central Booking, fingerprinted and photographed him again and placed him in a cell for approximately eight (8) more hours.

36. That, at New York Central Booking, Plaintiff, **JOSEPH JOHN,** asked Defendants, **POLICE OFFICER JOHN/JANE DOE(S) #'S 1-10,** more than five (5) times if he could take his Parkinson's disease medication and he was denied each time.

37. That, at the above-mentioned date and location, Plaintiff, **JOSEPH JOHN,** was finally brought to be arraigned, too sick to stand, he was arraigned while seated; was finally

9

made aware of what the charges against him were; and he pleaded not guilty to the charges and was released on his own recognizance with a court date set for November 9th, 2011.

38. That upon leaving the New York Criminal Court after arraignment, Plaintiff, **JOSEPH JOHN**, went with his sister and cousin to the 1st Precinct at 16 Ericsson Place, New York, NY 10013, to recover the medication he so desperately needed.

39. That, at the above-mentioned date and location, Plaintiff, **JOSEPH JOHN**, and his family spoke to Police Officer Brier of the 1st Precinct, and, after being made aware of the severity of his condition, the Officer gave Plaintiff his medication and they left the precinct.

40. That upon leaving the 1st Precinct with his medication, Plaintiff, **JOSEPH JOHN**, was still suffering enough where his family brought him to the Staten Island Emergency Room at approximately 4:00 a.m.

41. That since his arrest, Plaintiff, **JOSEPH JOHN**, has seen his usual physician for Parkinson's Disease, a second physician for his Parkinson's Disease, he was referred to and has seen a psychiatrist for his mental state, and he was referred to and has seen an orthopedist for physical injuries sustained during his assault by civilians and injuries sustained as a result of the arrest by Defendants, **POLICE OFFICER MARCIN PALUCHOWSKI, POLICE OFFICER GREGORY SHMAGIN, and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-10.**

42. That since his arrest on the above-mentioned time and place, Plaintiff, **JOSEPH JOHN**, had made approximately seven (7) court appearances at the New York Criminal Court and his physical health has declined to the point where he now requires the use of a wheel chair during most parts of the day.

10

43. That on or around September 18, 2012, Plaintiff, **JOSEPH JOHN**, appeared before Judge Marc J. Whiten of Defendant, **CITY OF NEW YORK**, at the New York Criminal Court and a CPL § 730 Mental Fitness to Proceed Evaluation was ordered.

44. That, at the above-mentioned time and place, despite Plaintiff, **JOSEPH JOHN**, never having had bail set in his case and was released on his own recognizance at arraignment on or around October 22, 2011, Judge Whiten of Defendant, **CITY OF NEW YORK**, inexplicably, and without any possible privilege of the law, ordered that the medical evaluation of Plaintiff be held at Rikers Island and that he be immediately remanded.

45. That, at the above-mentioned time and place, Plaintiff, **JOSEPH JOHN**, was forcibly taken in handcuffs from the courtroom and placed in a holding cell where Defendants, **POLICE OFFICER JOHN/JANE DOE(S) #'S 1-10 and COURT OFFICER JOHN/JANE DOE(S) #'S 1-10**, once again would not allow Plaintiff to take the prescribed medication he had with him for Parkinson's Disease that was in a clearly marked prescription bottle.

46. That, at the above-mentioned time and place, Plaintiff, **JOSEPH JOHN**, would sit in a holding cell for approximately six (6) hours before being transferred to Rikers Island where he would spend approximately eight (8) more hours in a prison cell still in handcuffs and leg shackles.

47. That at Rikers Island, during a time period of approximately eight (8) hours, Plaintiff, **JOSEPH JOHN**, was repeatedly denied medication for his Parkinson's Disease by Defendants, **POLICE OFFICER JOHN/JANE DOE(S) #'S 1-10 and COURT OFFICER JOHN/JANE DOE(S) #'S 1-10**, and was left in the holding cell where other prisoners were

11

permitted to mock, assault, and steal his personal belongings (specifically a gold chain he wore around his neck and a gold wedding band and wheelchair).

48. That, at the above-mentioned time and place, Plaintiff, **JOSEPH JOHN'S**, condition worsened due to a lapse in medicine so dramatically that when a physician at Rikers Island finally saw him, (more than 12 hours after the Judge had requested an evaluation), Plaintiff was catatonic, could not even communicate and was immediately rushed to Elmhurst Hospital Center Trauma Ward around 1:00 a.m.

49. That, upon Plaintiff's stay at Elmhurst Hospital Center, he spoke with Defendants, **JOHN/JANE DOE(S) M.D. and/or KATHERINE HARBOUR, M.D. and/or "FNA" BUTRELLE, M.D.** and informed the medical staff that he suffered from Parkinson's disease.

50. That, at the above-mentioned time and place, Defendants, **JOHN/JANE DOE(S) M.D. and/or KATHERINE HARBOUR, M.D. and/or "FNA" BUTRELLE, M.D.** were also put on notice by Plaintiff, **JOSEPH JOHN'S**, wife that he suffered from Parkinson's Disease and further informed of the medication needed to treat his illness. Further, Defendants were placed on notice by a fax that Plaintiff's counsel had sent to the hospital administrator.

51. That despite that information, Defendants, **JOHN/JANE DOE(S) M.D. and/or KATHERINE HARBOUR, M.D. and/or "FNA" BUTRELLE, M.D.** being informed of Plaintiff's condition, negligently and unnecessarily ordered an extremely painful "Spinal Tap" procedure. At this point in time, Plaintiff had still not been given his required Parkinson's medication causing Plaintiff to further recede into a life-threatening neuroleptic malignancy.

52. That from Elmhurst Hospital Center on or around September 20, 2012, Plaintiff **JOSEPH JOHN** negligently underwent several unnecessary medical procedures and was

12

transferred to the Bellevue Hospital Center Prison Ward where he would remain for approximately five (5) to six (6) more days before finally being released.

53. That on or around November 20, 2012, Plaintiff, **JOSEPH JOHN**, would be forced to appear again at the New York Criminal Court where, even with Judge Marc Whiten's disapproval, the District Attorney's Office offered Plaintiff an adjournment in contemplation of dismissal that Plaintiff accepted.

54. That prior hereto on January 13, 2012, and within the time prescribed by law, a sworn Notice of Claim stating, among other things, the time when and place where the injuries and damages were sustained, together with Plaintiffs' demands for adjustment thereof, was duly served on the claimant's behalf on the Comptroller for the City of New York and that thereafter said Comptroller for the City of New York refused or neglected for more than thirty (30) days, and up to the commencement of this action, to make any adjustment or payment thereof, and that thereafter, and within the time provided by law, this action was commenced.

55. That Defendant, **CITY OF NEW YORK**, had the right to conduct a hearing, pursuant to General Municipal Law § 50-h, regarding the facts and circumstances of the incident complained of herein, provided it gave notice within thirty (30) days of service of the aforesaid Notice of Claim, and that on December 3, 2012, the law firm of *Schiavetti, Corgan, DiEdwards, Weinberg & Nicholson, LLP*, outside counsel for Defendant, **CITY OF NEW YORK**, conducted that hearing of Plaintiff, **JOSEPH JOHN**, for which Plaintiff appeared and testified.

56. That Defendant, **CITY OF NEW YORK**, had the right to conduct a second hearing, pursuant to General Municipal Law § 50-h, regarding the facts and circumstances of

the incident complained of herein, provided it gave notice within thirty (30) days of service of the aforesaid second Notice of Claim, and that on March 28, 2013, the law firm of *Schiavetti, Corgan, DiEdwards, Weinberg & Nicholson, LLP*, outside counsel for Defendant, **CITY OF NEW YORK**, conducted that hearing of Plaintiff, **JOSEPH JOHN**, for which Plaintiff appeared and testified.

57. That Defendant, **NEW YORK CITY HEALTH AND HOSPITALS CORPORATION (NYCHHC)**, had the right to conduct a hearing, pursuant to General Municipal Law § 50-h, regarding the facts and circumstances of the incident complained of herein, provided it gave notice within thirty (30) days of service of the aforesaid Notice of Claim, and that on March 28, 2013, the law firm of *Schiavetti, Corgan, DiEdwards, Weinberg & Nicholson, LLP*, outside counsel for Defendant, **NEW YORK CITY HEALTH AND HOSPITALS CORPORATION (NYCHHC)**, conducted that hearing of Plaintiff, **JOSEPH JOHN**, for which Plaintiff appeared and testified. Should this General Municipal Law § 50-h hearing which occurred on March 28th, 2013 cover only the second Notice of Claim filed, and not the Notice of Claim served upon Defendant, **NEW YORK CITY HEALTH AND HOSPITALS CORPORATION (NYCHHC)**, then Defendant NYCHHC impliedly waived said right to conduct a General Municipal Law § 50-h hearing.

58. Further that a demand for an adjustment on all claims was made but Defendants failed, refused or neglected to adjust same.

### AS AND FOR A FIRST CAUSE OF ACTION
### Pursuant to § 1983 (FALSE ARREST)

59. Paragraphs 1 through 58 of this complaint are hereby re-alleged and incorporated by reference herein.

14

60. That Defendants, **POLICE OFFICER MARCIN PALUCHOWSKI, POLICE OFFICER GREGORY SHMAGIN and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-10,** had neither valid evidence for the arrest of Plaintiff nor legal cause or excuse to seize and detain him for approximately twenty-eight (28) hours.

61. That in detaining Plaintiff for approximately 28 hours, and without a fair and reliable determination of probable cause, Defendant **CITY OF NEW YORK** abused its power and authority as a policymaker of the New York City Police Department under the color of State and/or local law.

62. Upon information and belief, it was the policy and/or custom of Defendant **CITY OF NEW YORK** to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

63. As a result of the above described policies and customs, the officers, staff, agents and employees of Defendant **CITY OF NEW YORK** believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

64. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of Defendant, **CITY OF NEW YORK,** to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

65. By reason of Defendants, **POLICE OFFICER MARCIN PALUCHOWSKI, POLICE OFFICER GREGORY SHMAGIN and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-10,** acts and omissions, Defendant **CITY OF NEW YORK,** acting under color

15

of state law and within the scope of its authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

66. By reason of the foregoing, Plaintiff suffered mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## AS AND FOR A SECOND CAUSE OF ACTION
### Pursuant to State Law (FALSE ARREST)

67. Paragraphs 1 through 66 are hereby re-alleged and incorporated by reference herein.

68. That the seizure, detention and imprisonment of Plaintiff was unlawful in that Defendants had no probable cause to detain, arrest and/or imprison him.

69. That Defendants, **POLICE OFFICER MARCIN PALUCHOWSKI, POLICE OFFICER GREGORY SHMAGIN and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-10**, intended to confine Plaintiff.

70. That Plaintiff was conscious of the confinement and did not consent to it.

71. That the confinement was not otherwise privileged.

72. By reason of Defendants acts and omissions, Defendants, **POLICE OFFICER MARCIN PALUCHOWSKI POLICE OFFICER GREGORY SHMAGIN and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-10**, acting in gross and wanton disregard of Plaintiff's rights, deprived him of his liberty when they subjected him to an unlawful, illegal and excessive detention, in violation of State law.

16

73. That by reason of the foregoing, Plaintiff suffered mental injuries, economic injury, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

### AS AND FOR A THIRD CAUSE OF ACTION
### Pursuant to § 1983 (EXCESSIVE FORCE)

74. Paragraphs 1 through 73 are hereby re-alleged and incorporated by reference herein.

75. That the incident that resulted from the intentional application of physical force by Defendants, **POLICE OFFICER MARCIN PALUCHOWSKI and POLICE OFFICER GREGORY SHMAGIN**, constituted a seizure. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

76. That Defendants had no legal cause or reason to use excessive force in effectuating Plaintiff's arrest.

77. That Defendants, **POLICE OFFICER MARCIN PALUCHOWSKI and POLICE OFFICER GREGORY SHMAGIN**, violated Plaintiff's Fourth and Fourteenth Amendment right to be free from unreasonable seizures when they used excessive force against him.

78. That at the time of the arrest, Plaintiff, **JOSEPH JOHN**, did not pose a threat to the safety of the arresting officers.

79. That Plaintiff was not actively resisting arrest or attempting to evade arrest.

80. That Defendant **CITY OF NEW YORK**, through its officers, agents, and employees, unlawfully subjected Plaintiff to excessive force while effectuating his arrest.

81. That Defendants' actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

82. That by reason of Defendants acts and omissions, acting under color of state law and within the scope of his authority, in gross and wanton disregard of Plaintiff's rights, subjected **JOSEPH JOHN** to excessive force while effectuating his arrest, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

83. That upon information and belief, in 2011, Defendant, **CITY OF NEW YORK**, had a policy or routine practice of using excessive force when effectuating arrests.

84. That upon information and belief, it was the policy and/or custom of Defendant, **CITY OF NEW YORK**, to inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

85. That as a result of the above described policies and customs, the officers, staff, agents and employees of Defendant, **CITY OF NEW YORK**, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

86. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant **CITY OF NEW YORK** to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

87. By reason of the foregoing, Plaintiff, **JOSEPH JOHN**, suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

### AS AND FOR A FOURTH CAUSE OF ACTION
### Pursuant to State Law (EXCESSIVE FORCE)

88. Paragraphs 1 through 87 are hereby re-alleged and incorporated by reference herein.

89. That the incident that resulted from the intentional application of physical force by Defendants, **POLICE OFFICER MARCIN PALUCHOWSKI and POLICE OFFICER GREGORY SHMAGIN,** constituted a seizure.

90. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

91. That Defendants, **POLICE OFFICER MARCIN PALUCHOWSKI and POLICE OFFICER GREGORY SHMAGIN,** had no legal cause or reason to use excessive force in effectuating Plaintiff's arrest.

92. That at the time of the arrest, Plaintiff did not pose a threat to the safety of the arresting officers.

93. That Plaintiff, **JOSEPH JOHN,** was not actively resisting arrest or attempting to evade arrest.

94. That Defendants' actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

95. That by reason of Defendants acts and omissions, Defendants, **POLICE OFFICER MARCIN PALUCHOWSKI and POLICE OFFICER GREGORY**

19

SHMAGIN, acting under color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights, subjected **JOSEPH JOHN** to excessive force while effectuating his arrest, in violation of the laws of the State of New York

96. By reason of the foregoing, Plaintiff, **JOSEPH JOHN,** suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## AS AND FOR A FIFTH CAUSE OF ACTION
### Pursuant to State Law (ASSAULT AND BATTERY)

97. Paragraphs 1 through 96 are hereby re-alleged and incorporated by reference herein.

98. That Defendants, **POLICE OFFICER MARCIN PALUCHOWSKI and POLICE OFFICER GREGORY SHMAGIN**, intended to cause harmful bodily contact to **JOSEPH JOHN**.

99. That Defendants, **POLICE OFFICER MARCIN PALUCHOWSKI and POLICE OFFICER GREGORY SHMAGIN**, in a hostile manner, voluntarily caused Plaintiff's injuries.

100. That Defendant's contact with Plaintiff constituted a battery in violation of the laws of the State of New York.

101. That by reason of the foregoing, Plaintiff, **JOSEPH JOHN**, suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.